UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT CHAMBERS,

        Plaintiff,

  v.

UNITED STATES OF AMERICA,

        Defendant.

21-CV-1087-LJV-HKS
DECISION & ORDER

## **BACKGROUND**

Roberts Chambers brought this action against the United States under the Federal Tort Claims Act ("FTCA") for injuries he sustained after falling at the Buffalo Veterans Affairs Administration Medical Center.  Docket Item 1 at ¶¶ 5, 10-19.  Chambers alleged that he tripped over a negligently placed "wet floor cone" and broke his elbow.  *Id.* at ¶¶ 18-20.  On December 3, 2021, the government answered Chambers's complaint, Docket Item 6, and a few days later, this Court referred the matter to United States Magistrate Judge H. Kenneth Schroeder, Jr., for the determination of "pretrial matter[s]" under 28 U.S.C. § 636(b)(1)(A), Docket Item 7.

On January 30, 2022, while the action was pending, Chambers died of unrelated causes.  Docket Items 12, 17-1.  On June 16, 2022, the Surrogate's Court for Erie

County, New York, appointed Marsha Huard as administrator[1] of Chambers's estate, Docket Item 17-2; Docket Item 17-3 at 1, and Chambers's counsel, the Law Offices of Kenneth Hiller, PLLC ("Hiller"), moved to substitute Huard as a party in the action, Docket Item 17.[2]  On October 3, 2022, Judge Schroeder granted the motion to substitute, Docket Item 20.  About one year later, the parties filed a "stipulation for compromise settlement," Docket Item 23 (capitalization omitted).

Under the terms of the settlement, the United States will pay $2,500 to Huard as administrator of Chambers's estate, Docket Item 23 at ¶ 2, "in full settlement and satisfaction of any and all claims, demands, rights, and causes of action . . . on account of the same subject matter that gave rise to . . . [this] action," *id.* at ¶ 3.  The parties did not provide the exact amount of attorney's fees owed to Hiller under the agreement, but they stipulated that "[p]ursuant to 28 U.S.C. § 2678," those fees "shall not exceed 25[ percent] of the amount of the compromise settlement." *Id.* at ¶ 4.

Huard agreed that upon the execution of the settlement, she would "obtain a dismissal of th[is] . . . action with prejudice." *Id.* at ¶ 8.  On November 8, the parties filed a stipulation of discontinuance.  Docket Item 24.

---

[1] In the memorandum of law in support of the motion to substitute, Huard is referred to as "[e]xecutrix," Docket Item 17-3 at 1, but later filings refer to her as the administrator, Docket Items 23-24.  The latter term is used here.

[2] Huard also retained Hiller as her counsel.  Docket Item 17-1 at ¶ 4.  The government did not oppose the motion for substitution.  Docket Item 19.

## **LEGAL PRINCIPLES**

Under Local Rule of Civil Procedure 41(a)(2), "[a]ctions brought on behalf of decedents' estates shall not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without application to and leave of [the] Court."[3]

"In deciding whether to approve a proposed settlement under Local Rule 41(a)(2)," courts in this District "determine whether the proposed settlement is in the best interests of the estate and distributees."[4] *Crout v. Haverfield Int'l, Inc.*, 348 F. Supp. 3d 219, 226 (W.D.N.Y. 2018) (citations and internal quotation marks omitted). To make that determination, courts weigh five factors:

> (1) the circumstances giving rise to the claim, (2) the nature and extent of the damages, (3) the terms of the settlement and amount of attorneys' fees and other disbursements, (4) the circumstances of any other claims or settlements arising out of this same occurrence, and (5) the plaintiff's statement of why [the plaintiff] believes this settlement is in the best interest of the estate and the distributees.

---

[3] It is not entirely clear whether this Rule applies here—that is, to a case "brought" by the plaintiff himself and only later prosecuted by his estate as a substituted party. *See* Loc. R. Civ. P. 41(a)(2). In filing "stipulations" of settlement and discontinuance—rather than "motions" for the same—the parties seemed to suggest that these actions do not require Court approval. Docket Items 23-24. But the stipulation for compromise settlement also states that "[i]n that judicial approval of this settlement is required pursuant to Local Rule[] of Civil Procedure 41(a)(2), such approval shall be obtained prior to the payment of the settlement amount. In the event that court approval is not obtained, the entire [s]tipulation shall be null and void." Docket Item 23 at ¶ 11. Out of an abundance of caution, the Court reviewed this settlement under Local Rule 41 and approves it regardless of whether that approval is necessary. .

[4] The Rule further requires that an application to settle "include a signed affidavit or petition by the estate representative and a signed affidavit by the representative's attorney." Local Rule 41(a)(2)(A). Both Huard and her counsel signed the stipulation for settlement, thus satisfying that requirement. *See* Docket Item 23; *see id.* at ¶ 6 ("[Huard] agrees and represents that she has thoroughly considered all aspects of this [s]tipulation and that she has discussed this [s]tipulation with her attorney.").

*Crout*, 348 F. Supp. 3d at 226 (quoting *Durlak v. Medtronic, Inc.*, 2012 WL 2838764, at *1 (W.D.N. Y. July 10, 2012)).

## **DISCUSSION**

After considering the factors outlined above and reviewing the parties' filings, the Court approves the parties' settlement.

First, the Court notes that both sides were assisted by experienced counsel and that the settlement was reached after mediation by a third party. Docket Items 10-11. In light of the risks and costs inherent in any litigation of this sort, courts will defer to the judgment of experienced counsel who negotiate at arm's length to reach an agreement beneficial to both sides. *See Crout*, 384 F. Supp. 3d at 226 (finding settlement negotiated by "experienced counsel" to be "fair and appropriate" given "the costs and inherent risks to both sides of a jury trial and the benefits of reaching a final resolution"); *see also Leslie*, 2019 WL 573534, at *2 (finding settlement appropriate when "it [was] unclear that a larger verdict could be obtained . . . were the matter to proceed all the way through trial" and noting that "by settling the matter at this juncture the [a]dministratrix of the [e]state removes any uncertainty as to the outcome, and saves the [e]state . . . significant expense"). Because that is what happened here, this Court will not second guess the parties' and their attorneys' judgment.

In addition, the provision for attorney's fees in the settlement agreement comports with applicable law and is thus reasonable.[5] Under the terms of the

---

[5] The stipulation for settlement did not provide for the payment of any costs, so the Court need not consider those in assessing the settlement. *See* Docket Item 23.

settlement, Hiller will receive an attorney's fee that is no greater than one-quarter of the settlement amount. Docket Item 23 at ¶ 4. This is in keeping with the requirements of the FTCA, which provides that

> [n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 [percent] of any judgment rendered pursuant to section 1346(b) of this title [creating cause of action for federal tort claims] or any settlement made pursuant to section 2677 of this title [providing that the government can settle actions brought under section 1346(b)].

28 U.S.C. § 2678.

## **CONCLUSION**

In sum, based on a review of the underlying circumstances of the case, the statements made in the stipulation for compromise settlement, and the applicable law, the Court finds that the settlement, Docket Item 23, is fair, reasonable, and "in the best interests of the estate and distributees." Loc. R. Civ. P. 41(a)(2)(A)(v). The parties' stipulations for compromise settlement and of discontinuance therefore are ORDERED. The Clerk of the Court shall close this case.

All further proceedings in the estate of Robert Chambers, including the issuance of an order of distribution of the settlement proceeds, shall be completed in the Surrogate's Court for Erie County, New York. *See* Docket Item 23 at ¶ 11; *see also* Loc. R. Civ. P. 41(a)(2)(D).[6]

SO ORDERED.

---

[6] Because the parties' stipulation and Local Rule 41(a)(2)(D) both provide for further proceedings to be carried out in the relevant Surrogate's Court, whether Local Rule 41(a)(2) squarely applies here is again not dispositive. *See supra* at 3 n.3.

Dated: November 13, 2023
       Buffalo, New York

                                      */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE